UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GATOR OF FLORIDA INC., <br><br>  Plaintiff, <br><br> v. <br><br> UNIFORMITY, LLC, <br><br>  Defendant. | Civ. No. 10-782-WJM <br><br> OPINION <br><br> HON. WILLIAM J. MARTINI |

   Plaintiff Gator of Florida Inc. ("Gator") moves for summary judgment. Prior to the institution of this lawsuit, Gator and Defendant Uniformity, LLC ("Uniformity") entered into a settlement agreement (the "Agreement") to resolve a dispute regarding nonpayment of invoices and related issues. Gator claims Uniformity has breached the Agreement, and has filed a Complaint seeking to enforce the Agreement as well as stating other claims against Uniformity. For the reasons discussed below, the Court **GRANTS** summary judgment for Gator **IN PART** and **DENIES** it **IN PART.**

I.   Background

   None of these facts are in dispute. Gator, a clothing wholesaler, sold merchandise to Uniformity, a uniform supplier, from on or around 2007 and continuing at least through June 2008, when Uniformity stopped paying the invoices submitted by Gator. On July 23, 2009, the parties executed the Agreement pursuant to which Uniformity agreed to make monthly payments of $5,000 beginning July 1, 2009 until the entire balance of outstanding money due Gator, $126,283.90, was paid in full. Uniformity also agreed that interest would accrue on the unpaid balance at an annual rate of 18%. Uniformity made monthly payments in July, August, and September of 2009 – a total of $15,000. Uniformity did not make any payment in October 2009. In November 2009, Gator agreed to accept a reduced payment amount of $1,000 per month from October 2009 through February 2010, with $5,000 monthly payments to resume in March 2010. Uniformity made its reduced monthly payments for October and November 2009 – a total of $2,000. At the time of the filing of the present motion, Uniformity had not made any payment since November 2009.

   On February 16, 2010, Gator filed a four-count complaint against

1

Uniformity claiming Uniformity still owes $109,283.90 plus interest under the Agreement, and bringing claims for breach of contract, unjust enrichment, and conversion of unpaid-for and unreturned merchandise.

## II.     Legal Analysis

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

In response to the motion for summary judgment, Uniformity's chief argument is that the Agreement is inadmissible evidence under Federal Rule of Evidence 408,[1] which precludes introduction of evidence regarding settlements for the purpose of proving liability or the amount of damages relating to the dispute that lead to the settlement. Uniformity claims that because FRE 408 prevents Gator from introducing the Agreement into evidence, Uniformity lacks the factual basis necessary to succeed on summary judgment.

But FRE 408 does not prevent introduction of a settlement agreement in an action to enforce that agreement. *Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683 (7th Cir. 1985) ("Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement."); *St. Paul Fire and Marine Ins. Co. v. Brother Intern. Corp.*, 2007 WL 2571960, at *18 (D.N.J. Aug. 31, 2007). Here, despite Uniformity's contentions, the Complaint states a cause of action for breach of the Agreement. The Complaint alleges the existence of the Agreement, alleges Uniformity's breach, alleges Gator's compliance, and claims damages in an amount equal to what is owed under the Agreement. *See, e.g., Carter Ledyard & Milburn LLP v. Carrascosa*, 2010 WL 3703699, at *3 (D.N.J. Sep. 10, 2010) (discussing elements necessary to show breach of contract). The Complaint does not explicitly title any of its four counts as

---

[1] FRE 408 states in relevant part: "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim . . ."

"Breach of the Settlement Agreement" or something similar, but a claim for breach of the Agreement is obvious upon reading the Complaint as a whole. The Complaint adequately provides Uniformity with sufficient notice of Gator's claim for breach of the Agreement against it, as required by Federal Rule of Civil Procedure 8(a).

There are no genuine issues as to any facts material to the alleged breach. The Agreement is admissible for the purpose of Gator's claim against Uniformity for breach thereof, and, as Uniformity acknowledges, it speaks for itself. In its Answer to the Complaint, Uniformity admitted all of the factual allegations relevant to Gator's claim for breach, including the existence of the Agreement and its failure to make any payment since November 2009. These undisputed facts show that Uniformity is currently in breach of the Agreement. Discovery is complete, and Uniformity has failed to raise a dispute as to any material facts. It has not challenged the validity of the Agreement, challenged Gator's claim that Gator has complied with the terms of the Agreement, or otherwise raised any defense or evidence suggesting that summary judgment is inappropriate.

### III.    Conclusion

For the reasons stated above, the Court will grant summary judgment for Gator on its claim that Uniformity breached the Agreement. But the factual evidence regarding Gator's remaining claims is sparse, and Uniformity does dispute some facts relevant to those claims. Inasmuch as Gator intended to also move for summary judgment on claims other than for breach of the Agreement, the Court denies the motion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**